1
2
3
4
5
6
7
8
9         UNITED STATES DISTRICT COURT
10        SOUTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| SAN DIEGO COASTKEEPER; COASTAL ENVIRONMENTAL RIGHTS FOUNDATION,<br><br>                                Plaintiffs,<br><br>v.<br><br>SEAWORLD PARKS & ENTERTAINMENT, INC.; SEA WORLD LLC,<br><br>                                Defendants. | Case No.:  3:25-cv-00532-CAB-AHG<br><br>**ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER**<br><br>**[ECF No. 17]** |

Having reviewed the parties' proposed Stipulated Protective Order (ECF No. 17), the Court **GRANTS** the Motion for Protective Order and enters the Protective Order exactly as submitted by the parties:

The Court recognizes that at least some of the documents and information (collectively, "Materials") being sought through discovery in the above-captioned action are, for competitive reasons and personal privacy reasons, normally kept confidential by the Parties. Plaintiffs Coastal Environmental Rights Foundation and San Diego Coastkeeper ("Plaintiffs") and Defendants SeaWorld Parks & Entertainment, Inc. and Sea

World LLC ("Defendants") (collectively, the "Parties," and individually, a "Party") have agreed to be bound by the terms of this Stipulated Protective Order (the "Order") in this action.

The Materials to be exchanged throughout the litigation between the Parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, as well as personally identifiable information ("PII") and other sensitive personal data of employees and other individuals. The purpose of this Order is to protect the confidentiality of such Materials as much as practical during the litigation. THEREFORE:

### Definitions

1.      "Confidential Information" means any Material a Producing Party designates in good faith under this Order that, if disclosed, would reasonably risk competitive harm, privacy invasion, or other injury, including trade secrets; confidential research, technical, financial, strategic, or commercial information; and Personally Identifiable Information ('PII'). Confidential Information may be designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.      "Materials" include any information in any form produced, served, or otherwise made available in this action, whether paper or electronic, including documents, electronically stored information ("ESI"), tangible things, deposition testimony and exhibits, interrogatory answers, and admissions.

3.      "Personally Identifiable Information" or "PII" means information that identifies, relates to, describes, or could reasonably be linked, directly or indirectly, with a particular individual, including, but not limited to: Social Security numbers; driver's license or other government identification numbers; financial account numbers; dates of birth; home addresses; personal phone numbers or personal email addresses; medical or health information; benefits information; payroll data; tax information; emergency contact information; photographs that identify an individual in connection with other PII; and

authentication credentials. PII also includes any combination of data elements that could reasonably be used to identify a specific individual.

4.    "Counsel" will mean counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: for Defendants, Allen Matkins Leck Gamble Mallory & Natsis LLP, for Plaintiffs Coastal Environmental Rights Foundation and San Diego Coastkeeper, Coast Law Group LLP, and for Plaintiff San Diego Coastkeeper, Patrick McDonough and Courtney Brown. For avoidance of doubt, "Counsel of Record" also includes any subsequently appearing outside counsel of record and their employees and legal support staff.

5.    "Producing Party" means any Party or non-Party that produces, serves, or otherwise makes available Materials in this action and applies a confidentiality designation under this Order.

6.    "Receiving Party" means any Party that receives Materials from a Producing Party.

7.    The term "Artificial Intelligence Tool" or "AI Tool" means any software, service, or system that processes materials using machine learning, large language models, or other algorithmic methods to generate outputs, summaries, analyses, or other transformations.

8.    "Generative AI" means any AI Tool that produces novel text, code, images, audio, or other content based on prompts or inputs.

9.    "Permitted AI Tool" means an AI Tool operated under an enterprise or private deployment with technical and contractual controls that: (i) prohibit the provider's use of inputs or outputs for model training, fine-tuning, or product improvement; (ii) prohibit human review of inputs or outputs by the provider except for limited security or abuse monitoring; (iii) provide data segregation, encryption in transit and at rest, and access controls; and (iv) are subject to written confidentiality, non-use, access, and retention obligations materially comparable to this Order. As an example, a properly configured and contractually restricted closed enterprise deployment qualifies as a Permitted AI Tool. For

avoidance of doubt, e-discovery processing/hosting platforms and legal-research tools (e.g., analytics, OCR, TAR, threading, deduplication, language translation) qualify as Permitted AI Tools if they meet the requirements above, even if accessed via a web interface.

10.    "Prohibited AI Tool" means any AI Tool that is publicly accessible; consumer-facing; does not provide enterprise confidentiality controls; or permits the provider to use, retain, or disclose inputs or outputs for training, fine-tuning, product improvement, or human review beyond limited security purposes. Public web interfaces of Generative AI models and any tool lacking the safeguards in the definition of "Permitted AI Tool" are Prohibited AI Tools.

11.    "Professional Vendor" means any eDiscovery provider, AI provider qualifying as a Permitted AI Tool provider, court reporting service, or other litigation support vendor retained by a Party or Counsel to process, host, or analyze Materials. Professional Vendors must be bound by written agreements imposing confidentiality, non-use, access, retention, and security obligations no less protective than this Order.

**General Rules**

12.    A Producing Party may designate Materials "CONFIDENTIAL" where the unrestricted disclosure would risk competitive, privacy, or other harm. "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") designations are reserved for information that is highly sensitive and whose disclosure to business personnel or competitors would create a substantial risk of serious harm that cannot be mitigated by less restrictive means. Over-designation is prohibited; the Producing Party will use best efforts to limit AEO to narrowly tailored portions.

13.    In the event the Producing Party elects to produce Materials for inspection, no marking need be made by the Producing Party before the initial inspection. For purposes of the initial inspection, all Materials produced will be considered as Confidential Information, and, where reasonably necessary, AEO for purposes of the initial inspection, and must be treated as such under this Order. Thereafter, upon selection of specified

Materials for copying by the inspecting Party, the Producing Party must, within a reasonable time prior to producing those Materials to the inspecting Party, mark the copies of those Materials that contain Confidential Information with the appropriate confidentiality marking.

14.    Whenever a deposition taken on behalf of any Party involves a disclosure of Confidential Information of any Party:

a.    The deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a Party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a Party will have until fourteen days after receipt of the final and certified deposition transcript to inform the other Party or Parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." All testimony and exhibits will be treated as Confidential Information during this period.

b.    The Producing Party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel of Record (including their necessary staff), the court reporter, the videographer, and any person otherwise authorized to receive such information under this Order; and

c.    The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

15.    All information designated as Confidential Information must not be disclosed by the Receiving Party to anyone other than those persons designated within this Order and

must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, until such designation is removed either by agreement of the Parties, or by order of the Court. The Parties shall take reasonable administrative, technical, and physical safeguards to protect Confidential Information and PII from unauthorized or unlawful access, use, or disclosure, including secure storage, limiting copies to those reasonably necessary, and secure transmission methods. PII shall not be stored on unsecured personal devices or unencrypted removable media.

16.    Use of Artificial Intelligence Tools. Absent written consent of the Producing Party or court order, no Party or person subject to this Order may input, upload, or disclose any Confidential, AEO, or PII to any Prohibited AI Tool. Parties and their Counsel may use a Permitted AI Tool solely for this litigation, provided that: (a) the tool is configured so the provider does not access, retain (beyond minimal, time-limited security logs), train on, or human-review inputs or outputs; (b) all outputs derived from Confidential, AEO, or PII are treated as Confidential under this Order; (c) access is limited to personnel already authorized under this Order; and (d) reasonable safeguards are implemented, including encryption, role-based access controls, and disabling—where available—data-sharing or public-publishing features.

a.    No Training, Retention, or Human Review. Providers shall not use inputs or outputs containing Confidential, AEO, or PII to train, fine-tune, or improve any model or service. Providers may maintain minimal, time-limited encrypted logs strictly necessary for security, abuse detection, and compliance, not to exceed 30 days absent law or court order, and such logs shall not be human-reviewed except as needed for security. The Receiving Party shall configure available enterprise privacy controls to disable training, human review, and data-sharing.

b.    No Public Interfaces or Shared Libraries. Parties and persons subject to this Order may not use consumer-facing interfaces, shared repositories, or community

prompt libraries that enable third-party access to inputs or outputs containing Confidential, AEO, or PII.

        c.      Vendor Obligations. Any AI provider or professional vendor engaged to process materials via a Permitted AI Tool is deemed a "Professional Vendor" under this Order. Before any disclosure of Confidential, AEO, or PII information, the engaging Party shall ensure the provider is bound by written contractual obligations at least as protective as this Order and that the provider's technical controls satisfy the definition of Permitted AI Tool. Upon request, the engaging Party shall identify the Permitted AI Tool(s) used and provide a written representation and/or excerpts sufficient to show non-training, confidentiality, access controls, and retention limits. Full contracts need not be produced unless ordered by the Court; any such production may be attorneys' eyes only.

        d.      Incident Response. If any Confidential, AEO, or PII is disclosed to or retained within a Prohibited AI Tool, or otherwise used contrary to this Order, the Receiving Party shall provide written notice within 3 business days, sequester and cease further use, and take reasonable steps to purge any cached/retained data where feasible, then certify remediation in writing. De minimis, inadvertent disclosures promptly reported and remediated in good faith will not, by themselves, constitute a violation warranting sanctions, without prejudice to other remedies.

    17.    Information designated as "CONFIDENTIAL" may be disclosed to: (a) the Court and its personnel; (b) court reporters and videographers engaged for depositions or court proceedings; (c) Counsel of Record (and their staff); (d) independent experts or consultants retained in this litigation; and (e) the Parties' officers, directors, and employees to the extent reasonably necessary for decisions with respect to this litigation. Individuals in subparts (d) and (e) must execute Exhibit A before receiving access.

    18.    Information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to: (a) the Court and its personnel; (b) court reporters and videographers engaged for depositions or court proceedings; (c) Counsel of Record and their staff; and (d) independent experts or consultants retained in this litigation who are not

3:25-cv-00532-CAB-AHG

presently engaged in competitive decision-making for any Party and who have executed Exhibit A. AEO Materials may not be disclosed to any other Party personnel absent Producing Party consent or court order.

19.     Before disclosure of another Party's Materials designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to a testifying expert or testifying consultant, the Receiving Party shall provide to the Producing Party: (i) the expert's or consultant's name, business affiliation, and curriculum vitae; and (ii) an executed Exhibit A. Within seven (7) court days of receiving the notice, the Producing Party may object in writing. If an objection is made, the Parties shall meet and confer in good faith within five (5) court days. If unresolved, within seven (7) court days thereafter, the Producing Party must seek relief under the Court's discovery procedures; otherwise, the objection is deemed withdrawn. The Producing Party bears the burden to show that disclosure would create a substantial risk of serious harm that cannot be avoided by less restrictive means. No notice is required for non-testifying consulting experts or consultants, provided they execute Exhibit A.

20.     All information designated as "CONFIDENTIAL" by the Producing Party, and any and all reproductions of that information, must be retained in the custody of Counsel of Record for the Receiving Party, except that independent experts authorized to view such information under this Order may retain custody of copies such as are necessary for their participation in this litigation. All "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designated information must be stored and transmitted using reasonable safeguards, including encryption at rest or in transit where reasonably available. Access to PII shall be limited to those individuals for whom access is reasonably necessary to prosecute or defend this action.

21.     Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the Party seeking to file such Materials must seek permission of the Court to file the Materials under

seal. No document shall be filed under seal unless Counsel secures a court order allowing the filing of a document, or portion thereof, under seal. An application to file a document under seal shall be served on opposing Counsel, and on the person or entity that has custody and control of the document, if different from opposing Counsel. If opposing Counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, they must contact the chambers of the judge who will rule on the application to notify the Court that an opposition to the application will be filed. The Parties acknowledge the strong presumption in favor of public access to judicial records and that a particularized showing is required to seal court filings. The Parties shall also comply with the Court's CM/ECF Administrative Policies and Procedures for filing and lodging proposed sealed documents.

22.    Redaction of Personal Data Identifiers. Consistent with federal privacy rules and this District's ECF procedures, Parties shall redact from public filings personal data identifiers, including Social Security numbers, financial account numbers, dates of birth, and the names of minor children. Where feasible, Parties should redact or anonymize PII of employees and other individuals from public filings or propose narrowly tailored sealing. Parties must not use any Prohibited AI Tool to prepare, summarize, or analyze materials for public filings that include or reflect Confidential Information, AEO information, or PII.

23.    At any stage of these proceedings, any Party may object to a designation of the Materials as Confidential Information. The Party objecting to confidentiality must notify, in writing, Counsel for the designating Party of the objected-to Materials and the grounds for the objection. Before filing any motion or seeking judicial intervention regarding a confidentiality designation, the Parties must comply with Magistrate Judge Goddard's pre-motion discovery dispute procedures, including the requirement to email chambers to request a conference. The Materials at issue must be treated as designated until the Court resolves the dispute.

24.    All Confidential Information must be held in confidence by those inspecting or receiving it and must be used only for purposes of this action. Counsel for each Party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the Party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other Parties and, without prejudice to any rights and remedies of the other Parties, make every effort to prevent further disclosure by the Party and by the person(s) receiving the unauthorized disclosure. If the unauthorized disclosure involves PII, the Receiving Party shall promptly sequester the information, mitigate further disclosure, and confer with the Producing Party regarding any reasonable remedial measures.

25.    No Party will be responsible to another Party for disclosure of Confidential Information under this Order if that information is not labeled or otherwise identified as such in accordance with this Order.

26.    If a Party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the Producing Party may give written notice to the Receiving Party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The Receiving Party must treat the Materials as confidential, once the Producing Party so notifies the Receiving Party. If the Receiving Party has disclosed the Materials before receiving the designation, the Receiving Party must notify the Producing Party in writing of each such disclosure. Counsel for the Parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

27.    Nothing within this Order will prejudice any Party's right to object to the production of any discovery Materials on the grounds that the Materials are protected as privileged or as attorney work product.

28.    Pursuant to Federal Rule of Evidence 502(d), the inadvertent disclosure or production of privileged or work-product-protected documents, ESI, or information, whether inadvertent or otherwise, shall not constitute a waiver of privilege or protection in this proceeding or in any other federal or state proceeding. Upon written notice of a claim of privilege or protection, the Receiving Party shall promptly return, sequester, or destroy the specified information and any copies it has, and shall not use or disclose the information until the claim is resolved. Any dispute regarding the claim shall be addressed consistent with Magistrate Judge Goddard's discovery dispute procedures.

29.    Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying on any information designated as Confidential Information, provided that the contents of the information must not be disclosed except as authorized by this Order.

30.    This Order will be without prejudice to any Party's right to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

31.    Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court. If a Receiving Party is served with a subpoena, court order, or other legal process in any other proceeding that purports to compel disclosure of any Materials designated under this Order, the Receiving Party must promptly notify the Producing Party in writing, provide a copy of the subpoena or order, and not produce the Materials until the Producing Party has had a reasonable opportunity to seek protection.

32.     Upon final termination of this action, including any and all appeals, Counsel for each Party must, upon request of the Producing Party, return all Confidential Information to the Party that produced the information, including any copies, excerpts, and summaries of that information, or must delete or destroy the same at the option of the Receiving Party. Notwithstanding the foregoing, Counsel for each Party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product Materials that contain Confidential Information need not be deleted or destroyed, but, if they are not deleted or destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information. This Order shall survive the final disposition of this action and continue to bind all persons who have received Confidential Information, including PII.

33.     The restrictions and obligations set forth within this Order will not apply to any information that: (a) the Parties agree should not be designated Confidential Information; (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties agree, or the Court rules, has become public knowledge other than because of disclosure by the Receiving Party, its employees, or its agents in violation of this Order; or (d) has come or will come into the Receiving Party's legitimate knowledge independently of the production by the designating Party. Prior knowledge must be established by pre-production documentation.

34.     The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

35.     Transmission by email or some other currently used method of transmission is acceptable for all notification purposes within this Order. The Parties shall take reasonable measures to ensure secure electronic transmission of PII and other highly sensitive information.

36.     This Order may be modified by agreement of the Parties, subject to approval by the Court.

37.     The Court may modify this Order *sua sponte* in the interests of justice or for public policy reasons. The Parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, before entry of such an order.

38.     A non-Party producing information or documents in this action may designate such Materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and shall receive the benefits and protections of this Order. Such non-Party may enforce compliance with this Order as to its Materials as if a Party.

39.     This Order governs pretrial discovery and pretrial filings only. The use of Confidential Information at any hearing or at trial shall be governed by the orders of the presiding judge and applicable law. The Parties acknowledge that confidentiality designations do not, standing alone, entitle information to be sealed at hearing or trial.

40.     Nothing in this Order shall restrict a Producing Party's use or disclosure of its own Materials.

**IT IS SO ORDERED.**

Dated:  November 24, 2025

_____
Honorable Allison H. Goddard
United States Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that:

1.    I have read and understand the Stipulated Protective Order entered in *San Diego Coastkeeper, et al. v. SeaWorld Parks & Entertainment, Inc., et al.*, Case No. 25-cv-00532, in the United States District Court for the Southern District of California.

2.    I agree to comply with and to be bound by all the terms of the Protective Order. I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of that Order.

3.    I will use any Materials or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only for purposes of this litigation and not for any business, competitive, personal, or other purpose.

4.    I will take reasonable steps to protect any personally identifiable information ("PII") I receive under the Order from unauthorized access, use, or disclosure, including by securely storing and transmitting such information, limiting copies, and returning or destroying such information as required by the Order.

5.    I will not upload, input, or otherwise disclose any Confidential Information or any PII to any Prohibited AI Tool, and that any use of AI tools must comply with the requirements for a Permitted AI Tool set forth in the Protective Order. I will not use any such materials to train, fine-tune, or improve any AI model or service.

6.    I submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____    _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____