UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COASTKEEPER, et al., Plaintiffs, v. SEAWORLD PARKS & ENTERTAINMENT, INC, et al., Defendants. | Case No.: 3:25-cv-00532-CAB-AHG **ORDER DENYING JOINT MOTION TO DISMISS AND ENTER CONSENT DECREE** [Doc. No. 36] |

Before the Court is the parties' joint motion to have the Court dismiss the Complaint, [Doc. No. 1 ("Complaint")], and First Amended Complaint, [Doc. No. 24], with prejudice, enter a consent decree, and retain jurisdiction. [Doc. No. 36.] For the reasons below, the Court **DENIES** the joint motion without prejudice.

## I. BACKGROUND

On December 15, 2025, Plaintiff Coastal Environmental Rights Foundation and Plaintiff San Diego Coastkeeper (together, "Plaintiffs") filed this action against Defendant Seaworld Parks & Entertainment, Inc. and Defendant Sea World LLC (together, "Defendants") under the citizen suit enforcement provision of the Federal Water Pollution

Control Act, 33 U.S.C. §§ 1251 et seq, and the imminent and substantial endangerment provision of the Resource Conservation and Recovery Act, 42 U.S.C. § 6972. [*See* Doc. No. 24 ("Amended Complaint") at 2.] Defendants manage and operate the SeaWorld Facility, which is an aquatic amusement park that houses various marine animals in exhibit pools and aquaria, located within Mission Bay Park in San Diego, California. [*Id.* at 3, 6.] Plaintiffs allege that for up to 150 nights a year, SeaWorld's fireworks displays discharge waste and contaminants into Mission Bay. [*Id.* at 3.] Plaintiffs further allege that the solid waste and effluent from Defendants' park and fireworks displays regularly exceed acceptable levels set by Defendants' various environmental permits. [*Id.* at 3–6, 8–10.]

On January 23, 2026, Defendants filed an answer to the Amended Complaint. [Doc. No. 26.] On May 13, 2026, the parties filed a notice of settlement. [Doc. No. 34.] On July 10, 2026, the parties filed the joint motion now before the Court. [Doc. No. 36.]

## II. LEGAL STANDARD

A consent judgment, unlike a stipulated dismissal pursuant to a settlement agreement, is a final judgment on the merits. While the remedy for breach of a settlement agreement is a new contract action, a consent judgment keeps the issuing court involved by allowing parties to enforce their agreement through contempt proceedings. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) ("[I]f the parties' obligation to comply with the terms of the settlement agreement had been made part of the [court's] order . . . [then] a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist."); *see also Wyatt v. Cnty. of Butte*, No. 2:06-CV-1003 GEB-JFM, 2007 WL 3340947, at *6 (E.D. Cal. Nov. 9, 2007) ("The parties to a consent decree expect and achieve a continuing basis of jurisdiction to enforce the terms of the resolution of their case in the court entering the order." (emphasis omitted)). Because a consent judgment requires the Court to expend time and resources to supervise a private settlement agreement, in choosing whether to issue such a judgment, district courts must ensure that the "proposed consent judgment . . . is fair, reasonable and equitable and does not violate the law or public policy." *Sierra*

*Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990). Moreover, "[c]onsent decrees entered in federal court must be directed to protecting federal interests"—in other words, they "must further the objectives of the law upon which the complaint was based." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004).

**III. DISCUSSION**

The parties have not addressed the legal standard for a consent judgment or stated why one is necessary here. Nor have they addressed why a stipulated motion to dismiss would be insufficient. "Unlike a stipulated dismissal, which parties may take as of right, litigants [seek]ing . . . a consent judgment must argue why the judgment should issue, and cannot expect the court unreflectively to endorse their agreement with the full authority of the federal judiciary." *Touchstone Life Essentials, Inc. v. Healed LLC*, No. 24-cv-03386-PAB, 2025 WL 345299, at *2 (D. Colo. Jan. 30, 2025); *see also Metro. Life Ins. Co. v. Hanni*, No. 1:17-CV-80-TLS, 2017 WL 6805318, at *2 (N.D. Ind. Sept. 14, 2017) ("[A consent] judgment cannot just be stipulated by the parties. Rather, it may be . . . granted by the Court if it is consistent with the law, does not harm third parties, and is an appropriate use of judicial resources."). "[D]istrict courts do not simply 'rubber stamp' litigants' proposed consent decrees." *Nutramax Lab'ys. Inc. v. Abumayyaleh Bros LLC*, No. 1:24-cv-01047-SEB-MKK, 2025 WL 107670, at *2 (S.D. Ind. Jan. 15, 2025).

Moreover, the proposed consent judgment raises other issues. For one, it makes reference to a "Fireworks Permit" defined as Order No. R9-2022-0002, NPDES Permit No. CAG999002, but the Fireworks Permit is not attached to the proposed consent, and the proposed consent does not incorporate the Fireworks Permit by reference. [Doc. No. 34-1.] The Court cannot enforce a consent when it does not have all the information to do so. Second, the record before the Court is minimal; Defendants filed only an answer to the Amended Complaint before the parties reached a settlement. Because of that, "there has been no meaningful showing that the Plaintiff's [ ] claims are colorable" beyond the standard for pleading a claim, "much less significant enough to warrant . . . judicial

supervision of this matter." *Funimation Ent. v. Timmons*, No. 13-cv-00533-MSK-MJW, 2014 WL 6873061, at *1 (D. Colo. Oct. 24, 2014).

## IV. CONCLUSION

"The district court should not enter a consent decree whenever it strikes two parties' fancy, nor can the parties simply stipulate to the entry of a consent decree." *Duncanson v. Wnc of Cincinnati LLC*, No. 1-16-CV-00788-SEB-DML, 2020 WL 4043175, at *1 (S.D. Ind. July 17, 2020) (internal quotation marks omitted). The parties failed to demonstrate that continued oversight of their settlement "is an appropriate commitment of the court's limited resources." *Kasper v. Board of Election Comm'rs*, 814 F.2d 332, 338 (7th Cir. 1987). For the foregoing reasons, the Court **DENIES** the parties' joint motion without prejudice. [Doc. No. 36.] The parties may file a renewed motion that addresses the standards for the entry of a consent decree or a stipulated dismissal pursuant to Rule 41.

It is **SO ORDERED**.

Dated: July 24, 2026

Hon. Cathy Ann Bencivengo
United States District Judge